# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:11cr61 |
| | ) | **Electronic Filing** |
| LARRY EDWARD HAWKINS | ) | |

## MEMORANDUM OPINION

On September 13, 2011, a grand jury returned a three count indictment charging Larry Edwards Hawkins ("defendant") at Count One with receipt of material depicting the sexual exploitation of a minor, from in and around August 2010 to in and around January 2011, in violation of Title 18, United States Code, Sections 2252(a)(2) and 2252(b)(1), at Count Two with distribution of material depicting the sexual exploitation of a minor, from in and around August 2010 to in and around January 2011, in violation of Title 18, United States Code, Sections 2252(a)(2) and 2252(b)(1), and at Count Three with possession of material depicting the sexual exploitation of a minor, from in and around August 2010 to in and around January 2011, in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and 2252(b)(2).[1]  Presently before the court is defendant's motion for a bill of particulars and motion for preservation and disclosure of investigators' rough notes.  For the reasons set forth below, the motion for a bill of particulars will be denied and the motion for preservation and disclosure will be granted in part and denied in part.

Defendant seeks a bill of particulars setting forth the number of visual depictions, the

---

[1] An arrest warrant for defendant was issued on September 26, 2011.  Defendant left the jurisdiction of this District prior to service of that warrant and was declared a fugitive on May 30, 2012.  Defendant was returned to this District in November of 2013 after his arrest in Atlanta, Georgia.

names of the computer files containing those depictions, a description of the sexually explicit conduct depicted in the files and the method and means by which defendant received, possessed and distributed the visual depictions. He notes that the mirror image of the computer seized from him and made available has "billions of files" and argues that the-above referenced specifics are necessary for trial preparation because the indictment does not identify the particular images that will be used to prove the charges, the manner and means by which defendant received, possessed and distributed the images or the specific times when he allegedly did any such act. Further, while essentially having been given access to all of the government's evidence, without these specifics defendant has been subject to what is "tantamount to an open file policy, which is tantamount to searching for needles in a haystack when one is not directed to a location, date, name, or general area in which to look where, as here, the hard drive contains billions of files." Defendant's First Amended Motion for Bill of Particulars (Doc. 44) at 2-3. The government opposes the motion on the grounds that the indictment sufficiently apprises defendant of the charges against him and the plethora of information made available to defendant from other sources obviates any sound basis for granting the motion.

A bill of particulars should be granted when the indictment is so vague that it fails to advise the defendant of the nature of the charges. United States v. Addonizio, 451 F.2d 49, 64 (3d Cir.), cert. denied, 405 U.S. 936 (1972). In Addonizio, the Third Circuit set forth three general scenarios where a bill of particulars is appropriate: (1) to inform the defendant of the nature of the charges being brought against him so that he may adequately prepare his defense; (2) to avoid undue surprise at trial; and (3) to protect against double jeopardy because of an inadequately described offense. Addonizio, 451 F.2d at 63-64. In other words, a bill of particulars may be used to inform the defendant of the nature of the charges so that he or she

may prepare an adequate defense, avoid surprise during trial and protect against any potential second prosecution for the same offense. United States v. Rosa, 891 F.2d 1063, 1065 (3d Cir. 1989).

The purpose of a bill of particulars is to provide the defendant with the minimum amount of information necessary to allow the preparation of an adequate defense. It is not intended to equip a defendant with the fruits of the government's investigation. United States v. Smith, 776 F.2d 1104, 1111 (3d Cir. 1985). Where the indictment provides sufficient information to place the defendant on notice of the charged criminal conduct, requests seeking the "when, where and how" of any overt acts are "tantamount to a request for wholesale discovery of the government's evidence[,]" and therefore properly are denied. United States v. Adusei, 2009 WL 2045619 *8 (W.D. Pa. July 14, 2009) (Diamond, J.) (citing United States v. Armocida, 515 F.2d 49, 54 (3d Cir. 1975)).

"In ascertaining whether a bill of particulars is appropriate, the court may consider not only the indictment, but also all the information which has been made available to the defendant." United States v. Fischbach & Moore, Inc., 476 F. Supp. 1384, 1389 (W.D. Pa. 1983) (citing United States v. Kenny, 462 F.2d 1205, 1212 (3d Cir. 1972), cert. denied, 409 U.S. 914 (1972)). The motion properly is denied where the record as a whole demonstrates that ample opportunity exists for adequate preparation of the defense. Kenny, 462 F.2d at 1212.

The record provides defendant with the particulars of the offense in more than sufficient detail. First, the indictment identifies: the specific dates defining the duration of the alleged offenses – from in and around August of 2010 to in and around January 2011; the manner and means of receiving, possessing and distributing the visual depictions – "by computer"; the nature of the unlawful act – receiving, possessing and distributing visual depictions of a minor engaging

3

in sexually explicit conduct; and the federal laws allegedly violated by such conduct. This detail more than sufficiently identifies the elements of each offense, fairly informs defendant of the charges against him and will permit him to plead a conviction or acquittal on the charges as a bar to subsequent prosecution for the same offenses. Thus, the indictment supplies the legal quantum of information necessary for defendant to prepare for trial and protect himself against a subsequent prosecution barred by double jeopardy. See United States v. Manfredi, 628 F. Supp.2d 608, 619-20 (W.D. Pa. 2009) ("An indictment is generally deemed sufficient if it: (1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution.") (citing United States v. Vitillo, 490 F.3d 314, 321 (3d Cir. 2007), United States v. Rankin, 870 F.2d 109, 112 (3d Cir. 1989) and United States v. Resendiz–Ponce, 549 U.S. 102 (2007)); accord United States v. Kemp, 500 F.3d 257, 280 (3d Cir. 2007) ("Moreover, no greater specificity than the statutory language is required so long as there is sufficient factual orientation to permit the defendant to prepare his defense and to invoke double jeopardy in the event of a subsequent prosecution.") (quoting United States v. Rankin, 870 F.2d 109, 112 (3d Cir. 1989)).

  Second, the government has provided defendant with a significant amount of discovery, including: a copy of: (1) the search warrant issued by Magisterial District Judge Manzi; (2) Pennsylvania State Police Trooper Dana Stewart's affidavit of probable cause which sets forth the specific facts of the investigation; (3) the forensic report detailing the examination of the defendant's computer; (4) the Ohio Internet Crimes Against Children Task Force investigative report regarding IP address 71.74.235.104 and the Ohio Internet Crimes Against Children Task

Force investigative report regarding IP address 184.56.182.152 - identifying child pornography files by name and SHA1 hash values that were downloaded from defendant's computer by Cayahoga County Investigator Howell; (5) a copy of the screen shots taken by Investigator Howell showing the files made available for sharing by defendant and those that were downloaded from his computer by Investigator Howell; (6) a copy of Trooper Stewart's report detailing the investigative activity he performed; and (7) additional forensic reports. In addition, the government made available to defense counsel a mirror image of defendant's computer hard drive which contained the child pornography giving rise to the charges.

Access to the documents and witnesses the government primarily will rely on to construct its case obviates the need for a bill of particulars. United States v. Urban, 404 F.3d 754, 772 (3d Cir. 2005) (citing United States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979) ("Full discovery . . . obviates the need for a bill of particulars."). It is readily apparent that defendant already has been given access to the information and witnesses that will be used to construct the government's case-in-chief. More specifically, he has been given access to the details of the government's evidence underlying each charge. Defendant is not entitled to the nuances of the government's theories and trial strategies.

It follows that the information already disclosed to defendant more than provides the particulars of the alleged offenses and his ability to prepare an adequate defense has not been impaired. Consequently, defendant's motion for a bill of particulars must be denied.

Defendant requests an order directing all government agents and law enforcement officials involved in any aspect of this case to preserve all rough notes made during the course of the investigation. Defendant further requests that Trooper Stewart's rough notes taken on the day a search warrant was executed at defendant's residence be disclosed at this juncture because

Trooper Stewart testified about that event at the suppression hearing on May 22, 2014, and thus the requirements of the Jencks Act have been satisfied. Defendant further requests that all other investigators, including Corporeal Pearson, be directed to preserve their rough notes so that the court can determine whether the disclosure of such material is necessary under Brady v. Maryland, 373 U.S. 83 (1963).

In United States v. Vella, 562 F.2d 275 (3d Cir. 1977), the Third Circuit held that "rough interview notes of [law enforcement officers] should be kept and produced so that the trial court can determine whether the notes should be made available to the defendant under the rule in Brady . . . or the Jencks Act." Id. at 276. In United States v. Ammar, 714 F.2d 238 (3d Cir. 1983), the court acknowledged that a rough draft is not necessarily a Jencks Act statement until it is refined to the point where a finding can be made that the witness has "adopted or approved" the rough draft as a statement, such as where a law enforcement official presents a handwritten draft to a supervisor. Nevertheless, the court held that "the government must retain and, upon motion, make available to the district court both the rough notes and the drafts of reports of its agents to facilitate the district court's determination of whether they should be produced." Id. at 259. The court also cautioned that "the government must be vigilant in observing its responsibility to preserve these materials because the Supreme Court has cautioned that the harmless error doctrine must be strictly applied in Jencks Act cases." Id. at 260 (citations omitted).

Defendant's request for an order requiring all government agents to preserve their rough notes will be granted. Defendant is entitled to the discovery of such material only to the extent that it falls within the purview of Brady and/or the Jencks Act. To the extent any rough notes and investigative reports fall within these limited areas of disclosure, the government shall

6

produce them in accordance with this memorandum and order of court.[2]  To the extent defendant seeks the production of any rough notes and investigative reports not falling within those limited areas of disclosure, the motion will be denied without prejudice to renew at trial subject to a specific showing that any particular rough notes or investigative reports not otherwise produced arguably may contain information falling within the scope of Brady and/or the Jencks Act.

The government has an obligation to produce any "statement" by Trooper Stewart that relates to the subject matter of his testimony at the suppression hearing.  Implementation of the Jencks Act is governed by Federal Rule of Criminal Procedure 26.2.  It provides that after a government witness has testified, the government must disclose prior recorded statements of the witness that relate directly to the subject matter of the testimony.  See United States v. Maury, 695 F.3d 227, 247 (3d Cir. 2012) cert. denied sub nom. Atl. States Cast Iron Pipe Co. v. United States, -- U.S. --, 133 S. Ct. 1600 (2013).  Federal Rule of Criminal Procedure 12(h) extends the disclosure requirement of Rule 26.2 to pre-trial suppression hearings.  See United States v. Heilman, 377 F. App'x 157, 195 (3d Cir. 2010) ("Rule 12(h) provides that 'Rule 26.2 applies at a suppression hearing under Rule 12(b)(3)(C).  At a suppression hearing, a law enforcement officer is considered a government witness.'")).  Accordingly, if the defendant makes a timely motion to compel disclosure of a suppression witness's statements, the government must produce any such statements.  Heilman, 377 F. App'x at 195 (citing United States v. Hill, 976 F.2d 132, 140 (3d Cir. 1992)).

As noted by defendant, Trooper Stewart testified at the suppression hearing and acknowledged in that proceeding that he had taken notes that relate directly to his testimony.

---

[2] The current motion raises by implication the timeliness of Rule 16, Brady and Jencks Act disclosures.  The court will issue its standard order governing these disclosures in order to assure an orderly progression at trial.

Assuming these notes qualify as a "statement" within the Jencks Act and relate only to the testimony provided by Trooper Stewart, defendant is entitled to production of the statement without further delay.

The government objects only to producing any agent's rough notes at this juncture, including those of Trooper Stewart. It reasons that it is not obligated to produce such notes except to the extent it is required to make Brady or Jencks Act disclosures. This position is accurate with the exception of any statement by Trooper Stewart. Withholding his notes on the execution of the search warrant runs counter to the mandate of the Federal Rules of Criminal Procedure. Accordingly, the government is no longer entitled to shelter Trooper Stewart's notes on the execution of the search warrant from defendant's review.

In light of the above, defendant's motion for a bill of particulars will be denied, an order will be entered governing the disclosure of Rule 16, Brady and Jencks Act materials, and defendant's motion for preservation and disclosure of all investigators' rough notes will be granted to the extent it seeks an order directing (a) all government agents to preserve their rough notes from any aspect of underlying investigation and (b) that Trooper Stewart's notes from January 18, 2011, be produced to the court forthwith and to defendant without undue delay. An appropriate order will follow.

Date: December 15, 2014

                                        s/David Stewart Cercone
                                        David Stewart Cercone
                                        United States District Judge

cc:      Christian A. Trabold, AUSA
           Bruce S. Harvey, Esquire
           Jennifer S. Hojna Hanson, Esquire

           (*Via CM/ECF Electronic Mail*)